Daniel Ross (30295)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottiberger.com

Attorneys for Movant,
Consumer Portfolio Services, its successors and/or assigns

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Latisha C Lesure,<br>                 Debtor.<br>**Consumer Portfolio Services**,<br>                 Movant, | **CASE NO.: 2:25-bk-12388-BKM**<br><br>**Chapter 7**<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Re: Property: 2025 Chevrolet Trax Vin#KL7LHEP4SC087510 |

Consumer Portfolio Services, its successors and/or assignees, by and through its undersigned attorney, moves for termination of all stays and injunctions, and abandonment of estate property, pursuant to 11 U.S.C. §§ 362(d), 554(b) and 105, Federal Rules of Bankruptcy Procedure 4001, 6007 and 9014 and Local Rules of Bankruptcy Procedure 4001 and 6007 regarding the property general described as 2025 Chevrolet Trax Vin#KL7LHEP4SC087510 ("**Vehicle**").

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about December 22, 2025, Latisha C Lesure ("**Debtor**") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. §362, the Petition stays the commencement or continuation of any proceedings against the Debtors or any act to obtain

possession of any property of the Debtors or to enforce any lien against any property of the Debtors.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. Debtors executed a contract dated October 4, 2024, in the principal amount of $31,650.73 ("**Contract**"). Movant is an entity entitled to enforce the Contract. A copy of the Contract is attached hereto as **Exhibit "A"**.

4. All obligations (collectively, the "**Obligations**") of the Debtors under the Contract are secured by a 2025 Chevrolet Trax Vin#KL7LHEP4SC087510 ("**Vehicle**") as evidenced by a Certificate of Title ("**Title**") naming Movant as the legal owner thereof. A copy of the Title is attached hereto as **Exhibit "B"**.

5. As of December 24, 2025, the approximate total payoff is $31,619.14. The last payment was received on October 20, 2025, which made the account due for the for the September 18, 2025 payment. The Debtors are currently delinquent $2,671.40.

6. The current value of the Vehicle as of December 24, 2025 according to JD Power ("**Valuation**") is $26,025.00. A true and correct copy of the valuation is attached hereto as **Exhibit "C"**.

## MOVANT IS NOT RECEIVING ADEQUATE PROTECTION

7. Pursuant to 11 U.S.C. §362 subd. (d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of an interest in the Property. Movant is entitled to adequate protection for the present value of the collateral in the form of monthly payments.

8. Failure to make post-petition mortgage payments can constitute cause for lifting the stay. The Debtors have the burden of showing there is not cause to terminate the stay. In re Ellis, 60 B.R. 432 (9th Cir. BAP 1985). Where cause is shown, courts have no discretion, but must grant relief.

In re Ford, 36 B.R. 501 (Dt 1983).  Movant has not been provided adequate protection inasmuch as monthly payments are in default.

9. Movant is not adequately protected.  Movant is not receiving regular monthly payments and is unfairly delayed from proceeding against the Vehicle.  Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. §362(d)(1).

10. Furthermore, pursuant to 11 U.S.C. §362 subd. (d)(2), there appears to be no equity with respect to the subject Vehicle, and the Vehicle is not necessary for effective reorganization. Based upon the valuation, there is no equity in the Vehicle as Movant is owed more than the value of the Vehicle. Consequently, pursuant to 11 U.S.C. Section 362(d)(2) cause exists to grant relief from stay.

## **CONCLUSION**

1. Movant's claim is in default and unpaid by Debtors.

2. Movant's only form of redress is to look to the secured Vehicle.

3. Costs, attorneys fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.

4. This Property is not required for any reorganization.

5. Movant is not adequately protected.

6. Movant is a secured creditor who is at dangerous peril of becoming under secured, as a result of the stays which enjoin Movant from pursuing its lien. Therefore, pursuant to 11 U.S.C. §362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays

1 under Bankruptcy Code §362(a)(2) and 105 with respect to the Vehicle which is described herein as
2 to the Movant only;

    B.    That the stay under FRBP 4001(a)(3) be waived.

    C.    If relief from the automatic stay is not granted, Movant requests that an order of adequate protection be entered.

    D.    For such other relief as the Court deems just and equitable.

GHIDOTTI BERGER, LLP

Dated: 01/02/2026                By:/s/ Daniel Ross, Esq.
Daniel Ross
1920 Old Tustin Ave.
Santa Ana, CA 92705
Attorneys for Movant